UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GANG SONG,

       Plaintiff,

v.

CASE NO. 10-14533
HON. LAWRENCE P. ZATKOFF

CHARLOTTE BUSH,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Detroit,
State of Michigan, on the 10th day of August, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Docket #8). Plaintiff, proceeding in *pro se* at the time, filed a response. Defendant did not reply. The Court finds that the facts and legal arguments pertinent to Defendant's Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that Defendant's Motion be resolved on the briefs submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion is GRANTED.

**II. BACKGROUND**

Plaintiff, an Asian national of Korean descent, has been employed by the City of Detroit Water and Sewage Department (the "Department") since 1990. Prior to 1995,

Plaintiff's title was "Associate Civil Engineer - Design." In 1995, Plaintiff was promoted to "Senior Associate Civil Engineer - Design." In 1998, Plaintiff was promoted to "Water & Wastewater Systems Maintenance Engineer," and he held that position until May 2006. In the spring of 2006, the Department underwent a reduction in force due to a budget shortfall within City of Detroit (the "City"). As a result, the Department demoted or laid off over 130 employees. Plaintiff, a non-union employee, was one of employees who was demoted to a previously held position. By written notice dated April 13, 2006, the Department informed Plaintiff that his position as Water & Wastewater Systems Maintenance Engineer had "been reached for layoff." The Department gave Plaintiff the option of being laid off or accepting "A Demotion or Transfer to the formerly held class of Sr. Assoc. Civil Engr[,]" with an effective date of May 8, 2006. Plaintiff selected the option of demotion to the position of Senior Associate Civil Engineer on April 21, 2006.

Plaintiff then filed a Title VII action in this Court (the "2006 action"), wherein he alleged that two City employees, Pamela Turner and Defendant, discriminated against him when they demoted him. This Court dismissed the 2006 action on March 31, 2008. The Sixth Circuit Court of Appeals affirmed this Court's decision on December 1, 2008. The U.S. Supreme Court denied Plaintiff's petition for writ of certiorari on October 14, 2009.

On November 15, 2010, Plaintiff filed the instant *pro se* action after he received a "right to institute a civil action under Title VII" letter from the Equal Employment Opportunity Commission (the "2010 Right-to-Sue Letter"). Plaintiff's lengthy Complaint alleges, among other things, that: (1) he was the only engineer in the Department demoted in 2006 whose demotion has not been rescinded (in whole or in part), and (2) he has been singled out because he filed the 2006 action. Plaintiff's Complaint does not identify any federal statute or authority upon which his claim is based.

This case originally was assigned to Judge Denise Page Hood, however, following a scheduling conference, was reassigned to the undersigned as a companion case to the 2006 action. When this Court was reassigned the case, Defendant's motion and Plaintiff's *pro se* response to the motion had been filed. Shortly thereafter, Elaine Carlis, a licensed Michigan attorney, filed an appearance on behalf of Plaintiff. No party has filed anything since Ms. Carlis entered her appearance.

### III.  LEGAL STANDARD

Defendant filed its motion pursuant to Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) is analyzed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

Defendant first asserts that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. It is undisputed that the parties are not diverse; thus, the only basis for subject matter jurisdiction is if Plaintiff's Complaint presents a federal question. As Defendant argues, and as the Court noted above, Plaintiff's Complaint fails to allege any federal question. The Court also notes that Plaintiff's response to Defendant's motion fails to identify any federal statute or authority upon which his Complaint is based.

Although a *pro se* plaintiff's pleadings are to be construed liberally, *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), it is not the Court's function to read a federal question into a pleading that does not allege one. In this case, Plaintiff simply has not alleged any claim based on a federal statute or other federal authority. As such, the Court finds that there no federal question upon which the Court can exercise subject matter jurisdiction. Accordingly, and for the reasons set forth above, the Court grants Defendant's motion for judgment on the pleadings.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby GRANTS Defendant's Motion for Judgment on the Pleadings. Judgment shall be entered accordingly.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff<br>LAWRENCE P. ZATKOFF<br>UNITED STATES DISTRICT JUDGE

Dated: August 10, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 10, 2011.

S/Marie E. Verlinde<br>Case Manager<br>(810) 984-3290